UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANGELO CARZOGLIO,

                        Plaintiff,

v.

THOMAS ABRAMS, et al.,

                        Defendants.
-----------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

18-CV-04198 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Angelo Carzoglio ("Plaintiff"), presently incarcerated at the Attica Correctional Facility and proceeding *pro se* and *in forma pauperis*, commenced this action with the filing of his Complaint on May 10, 2018. (Doc. 2). Plaintiff's Complaint alleged that his constitutional rights were violated while he was incarcerated at the Westchester County Jail ("WCJ") in 2017 because he was subjected to unreasonable searches in violation of his Fourth Amendment rights and verbal harassment in violation of his Fourteenth Amendment rights. Plaintiff also asserted claims pertaining to the pricing, shipping, and handling of food and commissary products at the WCJ. On February 25, 2020, Judge Román, who presided over this case before it was reassigned to me on April 3, 2020, issued an Opinion and Order (the "Prior Order") dismissing all of Plaintiff's claims except for his Fourth Amendment claim asserted against Defendant Thomas Abrams ("Abrams"). (Doc. 56, "Op. & Order" at 17-18). Additionally, Plaintiff was granted leave to file an amended complaint. (*Id.* at 18)

Plaintiff filed a First Amended Complaint ("FAC") naming as Defendants Abrams and Westchester County (the "County")[1] on March 16, 2020. (Doc. 57, "FAC"). Abrams filed an Answer to the FAC on April 6, 2020. (Doc. 59). By motion dated April 27, 2020, the County moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 61; Doc. 63, "Def. Br."). Plaintiff filed a brief in opposition to Defendant's motion on August 12, 2020 (Doc. 69, "Pl. Br."), and the motion was fully submitted on August 24, 2020 with the filing of Defendant's reply brief (Doc. 70, "Reply").

For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND

The facts, as recited below, are taken from Plaintiff's FAC. On May 19, 2017, Abrams, a "senior jail guard supervisor," ordered three correctional officers to pat frisk and strip search Plaintiff, and tamper with Plaintiff's legal materials. (FAC at 4). On June 8, 2017, Abrams again ordered correctional officers to pat frisk and strip search Plaintiff. (*Id*.). Plaintiff alleges that during the second search he was forced to get naked and was subjected to verbal harassment. (*Id*.). Plaintiff claims that the June 8 strip search was "personally recorded" by Abrams "on the institutional video surveillance camera," and that the search was conducted as retaliation after Plaintiff filed a grievance related to the May 19 search. (*Id*. at 7). Thereafter, on June 12, 2017, Abrams was allegedly arrested for "child sex crimes" and was subsequently suspended from his employment at the WCJ. (*Id.* at 4, 7).

---

[1] Plaintiff's FAC actually names Westchester County Department of Correction ("WCDOC") and not the County as a Defendant. Plaintiff's original Complaint also named WCDOC and not the County as a Defendant. Judge Román issued an Order of Service in this action on May 23, 2018 which construed Plaintiff's claims against WCDOC as claims against the County and directed the Clerk of Court to amend the caption to substitute the County for WCDOC pursuant to Federal Rule of Civil Procedure 21. (Doc. 6 at 2). Despite Judge Román's instruction, the correct party was not substituted. The Court again construes Plaintiff's FAC as asserting claims against the County and not WCDOC. The Court will direct the Clerk of Court to substitute the County for WCDOC.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of actions." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation

marks omitted)). Because *pro se* plaintiffs are often unfamiliar with the formalities of pleading requirements, courts must apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing the complaint of an individual represented by counsel. *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357 (W.D.N.Y. 2002). While "[p]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case, [] 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009))).

## **ANALYSIS**

Examining the FAC with the required liberality, the Court construes the pleading as asserting a *Monell* municipal liability claim against the County. "It is well established that a municipality may not be held liable under Section 1983 for alleged unconstitutional actions by its employees below the policy-making level solely upon the basis of respondeat superior." *Ukeje v. N.Y.C. Health & Hosps. Corp.*, 821 F. Supp. 2d 662, 669 (S.D.N.Y. 2011) (citing *Monell v. Dep't of Soc. Services of City of N.Y.*, 436 U.S. 658 (1978)). Rather, to prevail on a *Monell* claim against a municipality "the plaintiff must plead and prove that the violation of constitutional rights resulted from a municipal custom or policy." *Id.* at 670 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-83 (1986)). Thus, to assert a *Monell* claim against a municipality a

plaintiff must plausibly allege and ultimately prove three things: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of N.Y.*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)).

Proof of the existence of a municipal policy or custom is required because a plaintiff must demonstrate that "the municipality took some action beyond merely employing the [allegedly] misbehaving officers." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 390 (S.D.N.Y. 2013) (quoting *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)). There are several ways in which a plaintiff can demonstrate that an official policy or custom existed including:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Id.*

Here, the FAC alleges only that the County employed Abrams and does not include any allegations sufficient to establish that the County had an official policy or custom that caused a violation of Plaintiff's constitutional rights. Judge Román held in the Prior Order:

> Even construing the pleadings liberally, Plaintiff has not alleged sufficient facts to plausibly allege Westchester County's liability under *Monell*. To "successfully state a claim for *Monell* liability, a plaintiff must 'make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with

5

> policy making authority for the municipality.'" *Nielsen v. Cty. of Rochester*, 58 F. Supp. 3d 268, 277 (W.D.N.Y. 2014) (quoting *Missel v. Cty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009)). The Complaint does note that Abrams was employed by the Westchester Department of Corrections ("DOC"), and that the Westchester DOC suspended Abrams from the department. (*See* Compl. at 6, 11[).] But this does not come close to alleging an official custom or policy . . . . Plaintiff's claims against Westchester County are therefore dismissed without prejudice.

Op. & Order at 17. While Plaintiff was permitted the opportunity to amend his Complaint "to allege additional facts that would plausibly establish an official Westchester County custom or policy" (*id*.), Plaintiff did not avail himself of this opportunity as the FAC does not include a single allegation that leads to the plausible inference that the County maintained an official policy or custom that led to a violation of Plaintiff's rights.

The FAC states only that the County "should be held liable[] for any judgement [sic] or settlement in favor of plaintiff." (FAC at 5). Plaintiff argues in his brief in opposition that his claim against the County can survive because the County is required to indemnify Abrams if Plaintiff ultimately prevails on his Fourth Amendment claim against Abrams. (Pl. Br. at 4-5). Even if the County were required to indemnify Abrams should Plaintiff prevail—a fact that the County disputes (*see* Reply at 1-2)—an obligation to indemnify does not establish municipal liability as to the party subject to indemnification obligations. *See Crews v. Cty. of Nassau*, 149 F. Supp. 3d 287, 291 (E.D.N.Y. 2015) ("Whether the County is responsible for indemnifying [a defendant-employee] is an issue separate and apart from the County's *Monell* liability . . . ."). The question of indemnification is simply irrelevant to whether Plaintiff has adequately pled a *Monell* municipal liability claim.

Because a municipality may not be held liable for the unconstitutional actions of its employees unless a plaintiff can establish that the municipality maintained a policy or custom

that led to a constitutional violation, and because Plaintiff's allegations in no way permit the plausible inference that such a policy was in effect, Plaintiff's *Monell* claim against the County is dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. While Defendants represented to the Court that discovery related to Plaintiff's Fourth Amendment claim against Abrams is ongoing (Def. Br. at 1), there has not been an Initial Pretrial Conference in this action and there is not an operative Civil Case Discovery Plan and Scheduling Order in place. Thus, an Initial Pretrial Conference Notice shall be issued in short order.

The Court directs the Clerk to substitute Westchester County for the Westchester County Department of Corrections; to terminate the pending motion (Doc. 61); and terminate Westchester County as a Defendant in this action. The Court further directs the Clerk to mail a copy of this Memorandum Opinion and Order to Plaintiff at the address provided on the docket.

Dated: New York, New York
      February 3, 2021

SO ORDERED:

_____
Philip M. Halpern
United States District Judge