UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANGELO CARZOGLIO,
                      Plaintiff,

v.

ABRAMS, et al.,

                      Defendants.
-----------------------------------------------------------X

ORDER

18-cv-04198-PMH

PHILIP M. HALPERN, United States District Judge:

Plaintiff has filed a letter requesting "the Court to appoint [c]ounsel." (Doc. 82) The Court construes Plaintiff's letter as a request for the appointment of pro bono counsel and, for the reasons set forth below, denies the application.

## **LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id*. Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must

first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id*.; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff once previously requested that he be appointed pro bono counsel. (Doc. 49). That application was denied. (Doc. 50). In denying Plaintiff's previous request, the Court noted that "there is no indication that Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex." (*Id*. at 2). Further, the Court could not conclude at that juncture that "Plaintiff is unable to handle the case without assistance . . . ." (*Id.*). Although Plaintiff has progressed beyond the motion to dismiss stage, the Court cannot determine at this point whether Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d at 61-62. The Court similarly finds that the other *Hodge* factors weigh against granting Plaintiff's application; indeed, at this stage of the proceeding, Plaintiff has not shown (1) that he is unable to investigate the crucial facts or present his case, (2) that cross-examination "will be the major proof presented to the fact

finder," (3) that this matter will involve complex legal issues, or (4) why appointment of counsel would be more likely to lead to a just determination herein. Moreover, Plaintiff has successfully litigated two motions to dismiss on his own, thus undercutting the notion that representation would necessarily "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61. Plaintiff also notes that, even without an attorney, he has been able to follow the Court's directions. (Doc. 82 at 2 (noting that Plaintiff "has followed every instruction directed on [sic] this matter")).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for pro bono counsel is denied without prejudice to a renewed application later in the case.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 82 and mail a copy of this Order to plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


Dated: White Plains, New York
       August 16, 2021

                                                            _____
                                                            Philip M. Halpern
                                                            United States District Judge